**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**September 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

JONATHON KENT MOSER,

 Petitioner - Appellant,

v.

WYOMING ATTORNEY GENERAL,

 Respondent - Appellee.

No. 21-8094
(D.C. No. 2:19-CV-00187-ABJ)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

Jonathon Kent Moser, a Wyoming state prisoner proceeding pro se, seeks a

certificate of appealability (COA) to challenge the district court's dismissal of his

application for relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a

COA to appeal "the final order in a habeas corpus proceeding in which the detention

complained of arises out of process issued by a State court"). We deny Mr. Moser's

request for a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

### A.    State court proceedings

A jury convicted Mr. Moser in Carbon County, Wyoming, on one count of sexual assault of a minor in the first degree and three counts of sexual assault of a minor in the second degree.  The counts arose from Mr. Moser's conduct with two female students at the Rawlins Middle School, where he worked.  One of the victims, A.C., testified that Mr. Moser rubbed her leg and touched her hands on one occasion and had intercourse with her on another occasion.  The other victim, M.G., testified that Mr. Moser touched her breasts and vagina over her clothing.  Under Wyoming Rule of Evidence 404(b),[1] the trial court allowed testimony by four female witnesses (the Middle School witnesses), who described being touched by Mr. Moser on their buttocks and upper thighs while attending Rawlins Middle School, and by three other female witnesses (the Converse County witnesses), who described being sexually assaulted by him when they were students at a high school in Converse County, where he worked after Rawlins Middle School.

---

[1] Wyoming Rule of Evidence 404(b) provides:

**Other crimes, wrongs, or acts.**  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Wyoming Supreme Court affirmed. *See Moser v. State*, 409 P.3d 1236, 1243–51 (Wyo. 2018). Mr. Moser filed a petition for postconviction relief raising three claims of ineffective assistance of appellate counsel. The postconviction court dismissed the petition, concluding that the claims were procedurally barred. The Wyoming Supreme Court summarily denied Mr. Moser's Petition for Writ of Review.

**B.     Federal district-court proceedings**

In his § 2254 application Mr. Moser advanced three grounds for relief. The first and third grounds asserted ineffective assistance of appellate counsel for failing to challenge the admission of the Converse County witnesses' testimony and a limitation on the cross-examination of A.C. In ground two Mr. Moser argued that the cumulative nature of the Rule 404(b) witnesses' testimony violated his Fourteenth Amendment due-process rights.

The State filed a motion to dismiss the petition. The district court granted the State's motion, dismissed the petition with prejudice, and denied a COA. The court ruled that grounds one and three were procedurally barred in federal court based on the postconviction court's finding that the corresponding claims were procedurally defaulted in state court, and that Mr. Moser had not shown his appellate counsel had been constitutionally ineffective regarding those claims so he could not demonstrate cause and prejudice to overcome the bar. As for ground two's due-process claim, the court held that it amounted to a state-law Rule 404(b) claim not cognizable in habeas.

## II.    COA STANDARD

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims the district court denied on a procedural ground without reaching the merits, the applicant must also show that the district court's procedural ruling is debatable. *Id.*

## III.    ANALYSIS

### A.  Grounds one and three

Mr. Moser does not take issue with the district court's application of procedural bar to grounds one and three. Instead, he argues the merits of those grounds. But we do not address the merits of a claim that was defaulted in state court on an independent and adequate state procedural ground unless the petitioner can show cause and prejudice for the default or that a fundamental miscarriage of justice will result from a failure to consider the claim. *See Thacker v. Workman*, 678 F.3d 820, 835 (10th Cir. 2012). We construe his arguments concerning appellate counsel's ineffectiveness as a challenge to the district court's determination that he failed to demonstrate cause and prejudice to overcome the procedural bar because "an attorney's error can constitute cause to excuse a procedural default if it satisfies both prongs of the test for [ineffective assistance of counsel]," *Davis v. Sharp*, 943 F.3d 1290, 1298 (10th Cir. 2019). The two prongs are (1) deficient performance, which occurs when "counsel's representation fell below an

objective standard of reasonableness," and (2) resulting prejudice, which exists if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

### 1.    Ground one

On ground one the district court determined that Mr. Moser had not shown that appellate counsel would have been able to persuade the Wyoming Supreme Court that the trial court abused its discretion in allowing the Rule 404(b) testimony of the three Converse County witnesses. Mr. Moser has not shown that reasonable jurists would debate the district court's resolution of this issue. He points to the Wyoming Supreme Court's comment that "the prejudicial effect of [the four Middle School witnesses'] testimony challenged on appeal was likely negligible" but, "[i]n terms of prejudice," the conduct testified to by the three Converse County witnesses "was much more reprehensible than the uncharged misconduct testimony of [the four Middle School witnesses]." *Moser*, 409 P.3d at 1248 n.5. But the relative reprehensibility of the two sets of testimony is not dispositive. In concluding that admission of the Middle School witnesses' testimony was not unfairly prejudicial, the Wyoming Supreme Court focused on the trial court's observation that the conduct to which those "witnesses testified was not more serious or reprehensible *than the charged conduct*." *Id.* at 1248 (emphasis added). Similarly, the conduct described in the testimony by the Converse County witnesses was not more serious or reprehensible than the conduct Mr. Moser was charged with, which included intercourse with A.C. and touching M.G.'s breast. In light of the

thorough, well-reasoned opinion of the Wyoming Supreme Court explaining why the state trial court had not abused its discretion in admitting the testimony by the Middle School witnesses, we do not think that reasonable jurists could debate whether the Wyoming Supreme Court would have determined that the trial court abused its discretion by admitting the Converse County witnesses' testimony. We therefore deny a COA on ground one.[2]

### 2.    Ground three

Ground three concerned defense counsel's request to cross-examine A.C. about her testimony that Mr. Moser had intercourse with her and that she waited a year before reporting it because she was afraid. Defense counsel sought to impeach her by eliciting testimony about her prompt reporting of a sexual assault in an unrelated case to show she was not afraid of law enforcement. The trial court's sole restriction on cross-examination was that defense counsel could not elicit that A.C. had been the victim of a prior sexual assault.

In denying relief the federal district court explained that the only "fact omitted from the cross-examination was A.C.'s status as a prior sexual assault victim" and defense counsel was able to elicit "substantially the same testimony on cross-examination

---

[2] Mr. Moser also argues that because he was acquitted of the conduct about which the Converse County witnesses testified, their testimony could not provide "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," Wyo. R. Evid. 404(b). But Mr. Moser acknowledges that he was acquitted on those charges more than a year after the Carbon County trial concluded. Hence, the acquittal has no bearing on the admissibility of the testimony at the time of the Carbon County trial.

that Mr. Moser claims was necessary to impeach the witness," namely, that A.C. " had talked to law enforcement in the past, she was not afraid of law enforcement, she knew law enforcement would protect her, and she knew Mr. Moser would likely be arrested if she reported a sexual assault." R., Vol. I at 57. Because the claim lacked merit, the court concluded that Mr. Moser could not show ineffective assistance of appellate counsel and therefore could not establish cause and prejudice to overcome the procedural bar.

Mr. Moser has not shown that reasonable jurists could debate the correctness of the district court's conclusion that the prohibition on referring to A.C.'s "status as a victim" in the other case, R., Vol. II at 466:4, did not prevent Mr. Moser from presenting a complete defense, particularly in light of A.C.'s repeated insistence that she delayed reporting because she was afraid of Mr. Moser, not law enforcement, and her testimony that her continued delay in reporting after Mr. Moser left the middle school was because she was "afraid of what everyone would think of me if I did [report]," *id.* at 548:25 to 549:1. We deny a COA on ground three.

### B.    Ground two

In denying relief on the due-process claim, the district court rejected Mr. Moser's argument that the trial court placed no restrictions on the jury's consideration of the Rule 404(b) witnesses' testimony, pointing out that the trial court gave a detailed limiting instruction before each such witness. The instruction stated that the jury could not consider the evidence to suggest Mr. Moser had a propensity or was predisposed to commit the crimes he was charged with or as evidence of his guilt for those charged crimes. The district court concluded that because the record did not support Mr. Moser's

7

constitutional claim, the claim was merely a complaint that the trial court wrongly decided an issue of state evidence law that was not cognizable in habeas.

In his COA application Mr. Moser argues that he was prejudiced by the admission of testimony by one of the Converse County witnesses because it exceeded the scope of the Rule 404(b) notice. But this argument is not preserved because he did not raise it in his § 2254 application. *See Heard v. Addison*, 728 F.3d 1170, 1175 (10th Cir. 2013). Accordingly, we limit our COA consideration to his argument that the admission of the Rule 404(b) witnesses' testimony violated due process. He can establish a violation of due process only if the alleged error caused his trial to be fundamentally unfair. *See Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) ("We may not provide habeas corpus relief on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights results." (internal quotation marks omitted)). This, he has failed to do. He has not shown that reasonable jurists could debate the district court's resolution of his due-process issue. We therefore deny a COA on ground two.

## IV.    CONCLUSION

We deny a certificate of appealability and dismiss this matter.

Entered for the Court

Harris L Hartz
Circuit Judge

8